## Harmon ELLIOTT v. STATE.
No. 17535.

Court of Criminal Appeals of Texas.
April 24, 1935.

A. C. Chrisman, of Cleburne, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for one year.

The indictment appears regular. The record is before this court without statement of facts and bills of exception. Appellant entered a plea of guilty.

No error having been perceived or pointed out, the judgment is affirmed.

## R. W. ELLIS v. STATE.
No. 17648.

Court of Criminal Appeals of Texas.
April 24, 1935.

Jo. A. P. Dickson, of Seymour, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for murder; punishment, five years in the penitentiary.

We find with the record an affidavit made by appellant, in proper form, asking that this appeal be dismissed. The request is granted. The appeal is dismissed.

## J. K. HARRIS v. STATE.
No. 17330.

Court of Criminal Appeals of Texas.
March 13, 1935.

Rehearing Denied May 1, 1935.

W. E. Myres, of Fort Worth, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Theft of an automobile is the offense; penalty assessed at confinement in the penitentiary for two years.

The indictment, judgment and sentence, and the charge of the court all appear regular. The facts heard in the trial court are not brought forward for review. Nothing is perceived from our examination of the record which would warrant a reversal or require discussion.

The judgment is affirmed.

On Motion for Rehearing.

LATTIMORE, Judge.

We think the complaint of the judgment of the court herein, because it referred to the offense as "felony theft," is hypercritical. Other complaints of the transposition of terms and expressions in the record from the exact relationship in which said terms appear in the statute also appear to us to be without any substantial merit.

The motion for rehearing will be overruled.